*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

ERIC ANDERSON,

      Defendant-Appellee.

FOR PUBLICATION
October 15, 2019

No. 343272
Kent Circuit Court
LC No. 17-010295-AR

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

JASMINE FERRER,

      Defendant-Appellee.

No. 343273
Kent Circuit Court
LC No. 17-010296-AR

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

CARY GERENCER,

      Defendant-Appellee.

No. 343274
Kent Circuit Court
LC No. 17-010297-AR

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v                                                      No. 343275
                                                       Kent Circuit Court
LOLITTA SHANTILLIA JACKSON,                            LC No.  17-010298-AR

          Defendant-Appellee.
_____

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v                                                      No. 343276
                                                       Kent Circuit Court
EMINA KAHRIMAN,                                        LC No.  17-010299-AR

          Defendant-Appellee.
_____

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v                                                      No. 343277
                                                       Kent Circuit Court
DORIS PENNY,                                           LC No.  17-010300-AR

          Defendant-Appellee.
_____

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v                                                      No. 343278
                                                       Kent Circuit Court
SEQUOYAH LASHAWN MARIE THOMAS,                         LC No.  17-010301-AR

          Defendant-Appellee.
_____

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellant,

v                                                      No. 343279
                                                       Kent Circuit Court

TYISHA MONIKA TOLIVER,                                    LC No.   17-010302-AR

        Defendant-Appellee.

_____

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                                        No.   343280
                                                         Kent Circuit Court
ROCONDA J. SINGLETON,                                    LC No.   17-011547-AR

        Defendant-Appellee.

_____

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                                        No.   343281
                                                         Kent Circuit Court
SHERYL ANNE HILLYER,                                     LC No.   18-000250-AR

        Defendant-Appellee.

_____

Before:  SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

SAWYER, P.J. (*dissenting*).

I respectfully dissent.

The majority engages in an extensive analysis regarding whether the "member location sheets" constitute a "medical record" under MCL 750.492a(1).  While I am not persuaded by the majority's conclusion that the location sheets are medical records, more fundamentally I do not find it necessary to even answer that question.  Rather, I conclude that, even if the location sheets are considered medical records, the falsification of those sheets do not fall within the scope of the statute.

MCL 750.492a(1) provides in pertinent part as follows:

    Except as otherwise provided in subsection (3), a health care provider or other person, knowing that the information is misleading or inaccurate, shall not intentionally, willfully, or recklessly place or direct another to place in a patient's medical record or chart misleading or inaccurate *information regarding the diagnosis, treatment, or cause of a patient's condition.*  [Emphasis added.]

-3-

I am not persuaded that the false statements placed on the location sheets that "member location checks" had been completed when they had not regarded "the diagnosis, treatment, or cause of a patient's condition" as required by the statute. Indeed, the circuit court in the first-tier appeal, in its analyzing whether these are medical records, observed that the information was not so used:

> No information about the patient's condition, location, or incontinence is located on the sheet. Additionally, there is no blank space for this treatment information to be provided.

> As stipulated, these sheets are stored in a central location and not in the individual member's file.

Accordingly, the available evidence would not support the conclusion that the information was available and used for a physician to diagnosis a patient's condition, to determine a course of treatment, or to ascertain the cause of the patient's condition. Rather, the evidence would only support a conclusion that the member location checks were conducted as a safety measure. While this is certainly an important aspect of the operation of the facility, it is not included in the scope of MCL 750.492a.

In sum, in the absence of evidence that the data collected was to be used by a medical professional to diagnose or treat a patient's condition, or to ascertain the cause of the condition, I cannot conclude that there is probable cause to believe that defendants violated MCL 750.492a. And, in the absence of evidence supporting a finding of probable cause, I cannot say that the examining magistrate abused her discretion in refusing to bind defendants over for trial on this charge. *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000).

For these reasons, I would affirm the decisions of the lower courts.

/s/ David H. Sawyer

-4-